Andrena D. CROCKETT, Appellant

v.

**MAYOR OF THE DISTRICT OF COLUMBIA, et al.,**
Appellees.

No. 13–5323.

United States Court of Appeals, District of Columbia Circuit.

April 8, 2014.

Rehearing En Banc Denied June 25, 2014.

Andrena D. Crockett, Washington, DC, pro se.

Loren L. Alikhan, Richard Stuart Love, Todd Sunhwae Kim, Office of the Attorney General, District of Columbia Office of the Solicitor General, Kenneth A. Adebonojo, R. Craig Lawrence, U.S. Attorney's Office, Washington, DC, for Appellees.

BEFORE: GRIFFITH, KAVANAUGH, and MILLETT, Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). Upon consideration of the foregoing and the motion for appointment of counsel, it is

**ORDERED** that the motion for appointment of counsel be denied. In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED AND ADJUDGED** that, the district court's July 11, 2013 order, to the extent it dismissed all claims against the federal defendant for lack of subject matter jurisdiction, and the September 30, 2013 order denying reconsideration, be affirmed. Because sovereign immunity shields the Federal Government from suits for money damages based on alleged constitutional violations, those claims were properly dismissed. *See Benoit v. U.S. Dep't of Agriculture*, 608 F.3d 17, 20 (D.C.Cir.2010). Because a waiver of immunity must be "unequivocally expressed" by Congress, *see United States v. Nordic Village, Inc.*, 503 U.S. 30, 33–34, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992), and will not be implied, *see Lane v. Pena*, 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996), there is no merit to appellant's argument that the government waived its immunity by having the suit removed from Superior Court. *See Department of Army v. Federal Labor Relations Authority*, 56 F.3d 273, 275 (D.C.Cir.1995). Because appellant did not exhaust her administrative remedies *before* she filed her Federal Tort Claims Act claims, those claims were also properly dismissed. *See* 608 F.3d at 20–21; 28 U.S.C. § 2675(a). Nor did the district court abuse its discretion in denying reconsideration of its dismissal of these claims. *See Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C.Cir.1996). And, contrary to appellant's suggestion in her appellate briefs, her non-federal claims were not dismissed by the district court, but rather were remanded to D.C. Superior Court for adjudication on the merits.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.