WILKINS, Circuit Judge,
concurring in part and dissenting in part:
With one exception, I join the Court’s fine explication and application of Rule 4. I concur that the service attempted by Freedom Watch was defective.
But I part ways with the Court in its remand ordering the District Court to exercise its discretion under Rule 4(f)(3) with respect to the prospective authorization of service through counsel. See Fed.R.Civ.P. 4(f)(3). In my view, Freedom Watch did not invoke the exercise of that discretion in the District Court proceedings and so no question about it is properly before the Court here.
Under the governing rules of civil procedure, such alternative service is available “as the court orders,” id., and “[a] request for a court order must be made by motion.” Fed.R.Civ.P. 7(b)(1) (emphasis added). As is apparent from the record and as its counsel conceded at oral argument, Oral Arg. Tr. at 5-6, Freedom Watch did not file a motion with the District Court on fashioning prospective authorization, pursuant to Rule 4(f)(3), for service on counsel in the United States. Freedom Watch did not even explicitly raise the issue in its opening brief to this Court. I disagree with the Court that the District Court ruled on a deemed motion for prospective authorization of service under Rule 4(f)(3) through one paragraph of the opinion on the motion to dismiss. To the extent that question is debatable, I would resolve the uncertainty by assuming, particularly where the plaintiff was represented by counsel, that the District Court did not deem something a motion where no motion was made in a form that complies with the rules. See Fed.R.Civ.P. 7(b)(1) (“The motion must: (A) be in writing unless made during a hearing or trial; (B) state with particularity the grounds for seeking the order; and (C) state the relief sought.”); Benoit v. U.S. Dep’t of Agric., 608 F.3d 17, 21 (D.C.Cir.2010) (holding that a suggestion in opposition to a motion to dismiss does not constitute a motion). I do not believe we should conclude that once the District Court considered some of the plaintiff’s improperly raised arguments, it was an abuse of discretion not to consider all of the improperly raised arguments. Such an approach validates the adage that “no good deed goes unpunished.” More importantly, it threatens to encourage indifference to the rules and to hinder district courts in their work securing the “just, speedy, and inexpensive determination of every action and proceeding.” Fed. R.Civ.P. 1.
The problem with Freedom Watch’s mode of litigating is reflected in its opening brief, where it maintains that “OPEC was properly served,” and alternatively, that “the Court [should] remand this case with instructions to the lower court to determine and devise the method for Plaintiff to effectuate service of process upon Defendant through an alternative method of service, to alleviate any uncertainty.” Appellant Br. 28 (emphasis added). Freedom Watch actually asked us to order the District Court to “determine and devise” how the Defendant can be effec *86 tively served. In our adversarial system, litigation does not proceed along such lines. Instead, Freedom Watch must identify for itself the appropriate course of action, file a motion seeking its favored relief, and allow the other side to respond. Only that way does the trial court have an explicit request and a reasonably developed record upon which to base a ruling. Freedom Watch’s litigation approach is even more inexcusable given that (as OPEC pointed out to the District Court) this is its second federal lawsuit against OPEC and its second try at correctly effectuating service. See Order, Freedom Watch, Inc. v. OPEC, 08-21630-CIV (S.D.Fla. Dec. 19, 2008), J.A. 586-87.
The ruling on appeal decided OPEC’s motion to dismiss, which the District Court granted without prejudice to refiling. Even without this appeal, Freedom Watch was free to refile the case and properly move the District Court for alternative service under Rule 4(f)(3). To the parties, this may be a distinction without a difference (except for the filing fee). But appeals involve rights to review of specific decisions in the court below; they are not lifelines for lawyers to ask an appellate bench for help charting a path across the seas of civil procedure — even when traversing rough waters such as these in seeking to serve an international organization with headquarters in a foreign country.
This Court has previously stated that insufficiency of service of process warrants dismissal without prejudice. See Simpkins v. Dist. of Columbia Gov’t, 108 F.3d 366, 369 (D.C.Cir.1997). Where, as here, a plaintiff has not raised any special circumstances of the dismissal that would have prevented filing of a new lawsuit, this Court “cannot regard the dismissal as an abuse of discretion.” Ciralsky v. CIA 355 F.3d 661, 671 (D.C.Cir.2004) (reviewing dismissal of case without prejudice under abuse of discretion standard).
I would stop there and simply affirm.