# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BOBBY E. HAZEL,             )
                                          )
        Plaintiff,          )
                                          )
      v.               )       Civil Action No.   23-01272 (UNA)
                                          )
UNITED STATES OF AMERICA,     )
                                          )
                                          )
        Defendant.      )

## MEMORANDUM OPINION

Plaintiff, appearing *pro se*, has filed a Civil Complaint, ECF No. 1, and an application to proceed *in forma pauperis*, ECF No. 2. The Court will grant the application and dismiss the complaint for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject-matter jurisdiction is wanting).

In 1993, a jury in the U.S. District Court for the Eastern District of Virginia convicted Plaintiff of first-degree murder while armed, among other offenses, and he was sentenced to a term of life imprisonment without parole. *See United States v. Hazel*, 33 F.3d 53 (4th Cir. 1994) (per curiam) (affirming convictions). In May 2022, Plaintiff was granted compassionate release. Compl., ECF No. 1 at 4. Now living in the District of Columbia, Plaintiff has sued the United States under the Federal Tort Claims Act (FTCA) and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Investigation*, 403 U.S. 388 (1971), for its failure to disclose a videotape that allegedly was "concealed" because it contains "exculpatory evidence, in violation of the Brady Rule." Compl. ¶ 7. In 2011, Plaintiff "filed a motion to the court to compel the [videotape's] release," which was denied. *Id*. ¶ 4. In addition, he sought the videotape in a Freedom of

Information Act (FOIA) request to the FBI, which allegedly "refuse[d] to follow the United States Attorney's Office to release the videotape." *Id*. ¶ 6.

In three separate counts of the complaint, Plaintiff asserts the following. In "Claim One," Plaintiff states that the United States "intentionally filed a false document alleging [ ] the video tape would be released," which "caused" him "to suffer mental distress as well as emotional distress." *Id*. ¶ 12. In "Claim Two," Plaintiff states that the United States "intentionally and knowingly" concealed "the videotape," which "caused" him "to suffer a deprivation of his constitutional rights under the First and Fifth Amendment to obtain exculpatory evidence during the course of [his] incarceration," as well as "mental [and] emotional distress." *Id*. ¶ 13. In "Claim Three," Plaintiff states that United States "employees . . . conspired to deprive" him of "the exculpatory evidence knowingly [sic] would exonerate [him] of murder," thereby depriving him of his rights under the First and Fifth Amendments and causing him "to suffer mental [and] emotional distress." *Id*. ¶ 14. Plaintiff seeks "compensatory damage[s] in the amount of "One Hundred Million Dollars" and "punitive damages . . . of Two Hundred Dollars for the evils [sic] acts of the defendant." *Id*. at 6.

The United States may be sued only upon consent, *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted), and "the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit," *United States v. Sherwood*, 312 U.S. 584, 586 (1941). A waiver of the United States' immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). The United States has not consented to suit "for constitutional tort claims." *FDIC v. Meyer*, 510 U.S. 471, 478 (1994); *see Benoit v. U.S. Dep't of Agric.*, 608 F.3d 17, 20 (D.C. Cir. 2010) ("[S]uits for damages against the United States under the Civil Rights Act . . . and the Constitution are barred by

sovereign immunity"). Nor is the United States a proper *Bivens* defendant. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001) (*Bivens* "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights."); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (In a *Bivens* suit "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Therefore, sovereign immunity clearly applies to counts one and two of the complaint asserting constitutional violations.

The FTCA waives the United States' immunity with respect to certain claims for money damages "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. 1346(b)(1). "If the federal law at issue does not embody duties recognized under District of Columbia tort law, a plaintiff will be unable to maintain an FTCA action." *Hornbeck Offshore Transp., LLC v. United States*, 563 F. Supp. 2d 205, 210 (D.D.C. 2008), *aff'd*, 569 F.3d 506 (D.C. Cir. 2009). Because a private individual has no legal obligation to release records under the FOIA, *see* 5 U.S.C. § 552(a) (requiring "each agency" to disclose information), or to provide exculpatory evidence during a criminal prosecution, *see Brady v. Maryland*, 373 U.S. 83, 87 (1963) (proscribing "suppression by the prosecution of evidence favorable to an accused"), the United States is immunized from count one of the complaint as well.

For the foregoing reasons, and because no "allegation of other facts" could plausibly overcome sovereign immunity, *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (per curiam), the complaint is dismissed with prejudice. *Cf. Simon v. Republic of Hungary*, 579 F. Supp. 3d 91, 97 (D.D.C. 2021) (dismissing with prejudice case of certain plaintiffs "for uncurable lack of subject matter jurisdiction due to sovereign immunity"); *Menifee v. U.S. Dep't of the*

*Interior*, 931 F. Supp. 2d 149, 153 (D.D.C. 2013) ("Because sovereign immunity bars some of Ms. Menifee's tort claims, the dismissal of those claims will be with prejudice[.]").  A separate order accompanies this Memorandum Opinion.


_____/s/_____
CHRISTOPHER R. COOPER
Date: May 18, 2023                          United States District Judge