# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued October 21, 2005        Decided January 17, 2006

No. 04-7187

MONICA BELIZAN,
AND ALL OTHERS SIMILARLY SITUATED, AND
WILLIAM PRATHER, DR., AS TRUSTEE FOR THE AVON
MEDICAL GROUP PC EMPLOYEES PROFIT SHARING PLAN &
TRUST, AND AS TRUSTEE FOR THE JUDITH ANN PRATHER
REVOCABLE TRUST,
APPELLANTS

v.

SIMON HERSHON, ET AL.,
APPELLEES

———

Consolidated with
04-7188

———

Appeals from the United States District Court
for the District of Columbia
(No. 02cv01490)
(No. 02cv01886)

———

*Donald J. Enright* argued the cause for appellants. With him on the briefs were *Burton H. Finkelstein* and *Tracy D. Rezvani*. *Adam T. Savett* and *Steven J. Toll* entered appearances.

*Michael L. Martinez* argued the cause and filed the brief for appellee Radin Glass & Co., LLP.

*Jeff G. Hammel* argued the cause for appellee CIBC World Markets Corporation. With him on the brief were *David M. Brodsky*, *Donna C. Goggin*, and *DeMaurice F. Smith*.

Before: GINSBURG, *Chief Judge*, and ROGERS and GRIFFITH, *Circuit Judges*.

Opinion for the Court filed by *Chief Judge* GINSBURG.

GINSBURG, *Chief Judge*: Monica Belizan appeals an order of the district court because it dismissed "with prejudice" her claims under the Securities Act of 1933 and the Securities Exchange Act of 1934 against Radin Glass & Co. and CIBC World Markets Corp. She also contends the district court erred in determining she failed to move for leave to amend her complaint.

Because Belizan's oral request for leave was not a proper motion under Federal Rule of Civil Procedure 15(a), the district court did not err in refusing to recognize it. The district court, however, failed adequately to explain, in light of the standard set in *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996), why it dismissed Belizan's complaint with prejudice. Accordingly, we vacate the order in part and remand the question of prejudice for clarification.

## I. Background

According to Belizan's complaint, between 1997 and 2002 she and other members of an uncertified class of plaintiffs purchased debt securities from InterBank Funding Corp. (IBF) and its subsidiaries. IBF, which was owned by Simon Hershon,

had formed several investment funds with the purpose of purchasing and restructuring or rehabilitating underperforming loans. Belizan claims IBF's funds were actually part of a "Ponzi scheme," wherein proceeds from successive securities offerings were used to make interest payments to those who had invested in prior offerings. During the relevant period, Radin Glass & Co. served as IBF's independent auditor and CIBC World Markets Corp. sold IBF's debt securities to investors.

Investors' suits against Hershon, Radin, CIBC, and others were consolidated and Belizan, designated as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (PSLRA), 15 U.S.C. § 78u-4 *et seq.*, filed a consolidated complaint. (Belizan and the others then settled their claims against Hershon.) In the complaint, Belizan alleged Radin and CIBC had disseminated materially false and misleading information about IBF's funds and engaged in a scheme to defraud investors, in violation of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5. In addition, she claimed Radin, by attesting that IBF's financial statements complied with Generally Accepted Accounting Principles when, in fact, the statements were materially false or misleading, had violated § 11 of the Securities Act of 1933, 15 U.S.C. § 77. Finally, she alleged CIBC had violated the prospectus delivery requirements of §§ 12(a)(1) and (2) of the '33 Act, 15 U.S.C. §§ 77*l*(a)(1)-(2), when it sold IBF's securities to investors.

Radin and CIBC each moved, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the complaint for failure to state a claim upon which relief can be granted. At a hearing on the motions to dismiss, Belizan's counsel defended the complaint but volunteered his "belie[f] that at this point we probably could, if it was required, file [an] amended complaint," and later, referring to an unnamed officer of IBF who was the

source of some allegations in the complaint, reiterated that "if the Court requires us to, we can plead that [source] in an amended pleading if the Court would like." Belizan did not, however, follow up with a written motion for leave, much less a proposed amended complaint.

Some weeks after the hearing, the district court granted the defendants' motions to dismiss Belizan's claims. *See In re Interbank Funding Corp. Sec. Litig.*, 329 F. Supp. 2d 84 (D.D.C. 2004). With respect to the alleged violations of § 10 and Rule 10b-5, the court held Belizan had failed adequately to: (1) plead scienter; (2) allege her claims with the specificity required by Rule 9(b) and the PSLRA, 15 U.S.C. § 78u-4; and (3) plead causation. 329 F. Supp. 2d at 89-94. The district court also held Belizan failed properly to plead a violation of § 11; her claim under § 12(a)(1) was time-barred; and she and her fellow class members lacked standing to bring the claim under § 12(a)(2). *Id.* at 94-96.

The district court also said Belizan would not be allowed to amend her complaint, which was dismissed "with prejudice." The court explained that counsel's references to the possibility of amending the complaint did not "amount to formal motions for leave to amend" and that even if they did, the PSLRA "counsel[s] restraint in granting leave to amend." 329 F. Supp. 2d at 96. As for the dismissal being with prejudice, the court cited *In re Champion Enterprises Inc. Securities Litigation*, 145 F. Supp. 2d 871, 873 (E.D. Mich. 2001), for the proposition "the [PSLRA] ... set[s] a high standard of pleading which if not met results in a mandatory dismissal.... *with prejudice*." 329 F. Supp. 2d at 96.

Belizan filed a motion under Rule 59(e) seeking reconsideration insofar as the court had not permitted her leave to amend the complaint and dismissed her claims with prejudice.

With her motion, Belizan submitted an amended complaint in draft form. The district court denied reconsideration and further stated that Belizan's draft amended complaint "share[d] important failings with [her] earlier effort."

## II. Analysis

On appeal Belizan does not take issue with the district court's determination that she failed properly to plead her various claims under the '33 and '34 Acts. Rather, Belizan first argues she made an adequate motion for leave to amend and then contests the district court's decision to dismiss her complaint "with prejudice." Radin and CIBC defend the district court on both counts.[*]

## A. Leave to Amend

Belizan argues the district court erred in determining she never properly moved to amend her complaint because her oral offer to amend was sufficient in view of the instruction in Rule 15(a) that "leave shall be freely given when justice so requires." She also relies upon *Taylor v. Beckas*, 424 F.2d 905, 908 (D.C. Cir. 1970), in which we implied the now defunct District of Columbia Court of General Sessions could grant an oral motion for leave to amend a complaint under a local rule similar to Rule 15(a). Proceeding from that premise, Belizan goes on to argue the district court would not have been justified in denying leave on the substantive grounds raised by the defendants, had it addressed them.

Radin and CIBC respond that Belizan's request was

---

[*] Although Belizan noted her appeal of the order denying her motion for reconsideration, she advances no argument specific to that order.

properly refused because oral "motions" are not acceptable under the local rules of the district court. Specifically, Local Rule 7(a) requires that every "motion shall include or be accompanied by a statement of the specific points of law and authority that support the motion." Furthermore, Local Rule 15.1 provides each "motion for leave ... shall be accompanied by an original of the proposed pleading as amended." The defendants also note that even if Belizan had requested leave in her brief in opposition, she would not have satisfied Rule 15(a) because "a bare request in an opposition to a motion to dismiss -- without any indication of the particular grounds on which amendment is sought -- does not constitute a motion within the contemplation of Rule 15(a)." *United States ex rel. Williams v. Martin-Baker Aircraft Co.,* 389 F.3d 1251, 1259 (D.C. Cir. 2004) (internal quotation marks and citations omitted). As for *Taylor v. Beckas*, Radin and CIBC point out that the permissibility of an oral motion for leave was not there in issue and, in any event, the case involved a D.C. rule of procedure, not Rule 15(a) or Local Rule 15.1.

When the district court denies a motion for leave to amend under Rule 15(a), we review its decision for abuse of discretion, *see Carribean Broad. Sys., Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1083 (D.C. Cir. 1998), bearing in mind that the rule is to be construed liberally. For in *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Supreme Court instructed:

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party ... the leave sought should ... be "freely given."

Nevertheless, Rule 15(a) -- even as liberally construed -- applies

only when the plaintiff actually has moved for leave to amend the complaint; absent a motion, there is nothing to "be freely given."

Contrary to Belizan's suggestion, a request for leave must be submitted in the form of a written motion, as is made clear by the local rules of the district court and implied by our decision *Ex rel. Williams*, 389 F.3d at 1259. The statement of Belizan's counsel at oral argument that he "probably could, if it was required, file another ... complaint" was not a proper motion for leave to amend under Rule 15(a) or Local Rule 15.1. Therefore, as the district court correctly determined, Belizan never moved for leave.

B.  Dismissal with Prejudice

Dismissal with prejudice "operates as a rejection of the plaintiff's claims on the merits and [ultimately] precludes further litigation" of them. *Jaramillo v. Burkhart*, 59 F.3d 78, 79 (8th Cir. 1995). Belizan argues the district court erred as a matter of law in "premis[ing] its dismissal with prejudice" on the PSLRA.

That Act requires the plaintiff, in a suit for "securities fraud," to "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, ... all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1)(B). In addition, "with respect to each act or omission," the plaintiff must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2). Belizan contends that her failure to satisfy these heightened pleading standards did not necessitate the dismissal of her complaint with prejudice because the PSLRA does not

supercede the procedure for moving to amend a complaint under Rule 15(a). *See United States v. Microsoft Corp.*, 165 F.3d 952, 958 (D.C. Cir. 1999) (under Rules Enabling Act, rules of civil procedure are deemed to supercede conflicting statute except insofar as a substantive right is involved).

Relying upon *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048 (9th Cir. 2003), Belizan also argues the heightened pleading requirements of the PSLRA lead to a conclusion far different from that reached by the district court. In *Eminence Capital* the court explained that because the PSLRA "requires a plaintiff to plead a complaint of securities fraud with an unprecedented degree of specificity and detail," it is important that the district court "consider the relevant factors and articulate why dismissal should be with prejudice instead of without prejudice." *Id*. at 1052.

Radin and CIBC contend the heightened pleading standards of the PSLRA logically limit the application of Rule 15(a) and concomitantly imply dismissal with prejudice is indicated in securities fraud cases that do not measure up to those standards. *Cf. Miller v. Champion Enters., Inc.*, 346 F.3d 660, 690-92 (6th Cir. 2003) (affirming dismissal with prejudice on ground PSLRA counsels against repeated amendments to complaint). Therefore, Radin and CIBC urge, "the District Court's dismissal ... with prejudice was well within its discretion." Furthermore, they argue, although the district court did consider the PSLRA in making its determination, the court did not "premise dismissal with prejudice" solely upon that Act, as Belizan maintains.

We are uncertain why the district court dismissed the complaint with prejudice, and what role the PSLRA played in its thinking. The standard for dismissing a complaint with prejudice is high: "dismissal *with prejudice* is warranted only

when a trial court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Firestone,* 76 F.3d at 1209 (internal quotation marks omitted). Therefore, a complaint that omits certain essential facts and thus fails to state a claim warrants dismissal pursuant to Rule 12(b)(6) but not dismissal with prejudice.

Although the PSLRA provides that "[d]ismissal for failure to meet pleading requirements" is appropriate, 15 U.S.C. § 78u-4(b)(3)(A), the Act does not say whether such dismissal should be with or without prejudice. If it does not imply dismissal with prejudice, then it does nothing to change the ordinary consequences of a "failure to meet pleading requirements." On the other hand, had the Congress wished to make dismissal with prejudice the norm, and to that extent supercede the ordinary application of Rule 15(a), we would expect the text of the PSLRA so to provide. *Cf.* 21 U.S.C. § 1605(e) (under Biomaterials Access Assurance Act of 1998, "[a]n order granting a motion to dismiss" in a suit against a supplier to a manufacturer of medical devices "shall be entered with prejudice"). Unable to derive any guidance from the PSLRA itself, we are governed simply by Rule 15(a), which, as we have observed, allows "maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." *United States v. Hicks*, 283 F.3d 380, 387 (2002) (quoting 6 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1471, 505-06 (2d ed. 1990)). We note also that the heightened pleading standard of Rule 9(b), which requires a plaintiff to plead any allegation of fraud with specificity, does not alter the operation of Rule 15(a). *See Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (holding leave to amend should have been "freely given" pursuant to Rule 15(a) even though plaintiff failed in first amended complaint to plead fraud with specificity required by Rule 9(b)). We therefore hold the PSLRA does not mandate

dismissal with prejudice.

The next question is whether Belizan could not allege additional facts that would cure the deficiencies in her complaint -- the standard under *Firestone* for dismissal with prejudice, 76 F.3d at 1209. In its order, the district court neither adverted to *Firestone* nor undertook the inquiry required by that decision. Perhaps the district court, because it believed the PSLRA "counsel[s] restraint in granting leave to amend," 329 F. Supp. 2d at 76, deemed that inquiry unnecessary. Regardless of the standard for leave to amend, however, the PSLRA, as we have seen, does not require dismissal with prejudice. The proper course for the district court, therefore, is to exercise its discretion under *Firestone* and determine whether the allegation of other facts consistent with the challenged pleading could not possibly meet the heightened pleading requirements of the PSLRA.

### III. Conclusion

In sum, the district court did not err in determining Belizan's oral request to amend her complaint was not a proper motion for leave. The district court did, however, fail adequately to explain, with reference to the standard we set in *Firestone*, why it dismissed Belizan's complaint with prejudice. We therefore vacate the order of dismissal and remand the case for the district court to enter a new order either dismissing without prejudice or explaining its dismissal with prejudice in a manner consistent with this opinion. *See Confederate Mem'l Ass'n v. Hines,* 995 F.2d 295, 301 (D.C. Cir. 1993).

*So ordered.*