*132 KAVANAUGH, Circuit Judge,
concurring:
I join the Court’s thorough opinion and add one observation about the state of this Circuit’s law on dismissals under Rule 12(b)(6) of the Federal Rules of Civil Procedure.
As the Court correctly explains, when a district court grants a Rule 12(b)(6) motion to dismiss for failure to state a claim, that dismissal “operates as an adjudication on the merits” under Rule 41(b) “[ujnless the dismissal order states otherwise.” And “an adjudication on the merits” is synonymous with a dismissal with prejudice. See Semtek International Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001). Therefore, a district court order that dismisses a case under Rule 12(b)(6) without stating whether it is with or without prejudice operates as a dismissal with prejudice.
In this case, the District Court’s dismissal order did not state whether it was with or without prejudice. Under Rule 41(b), we thus must construe the order as a dismissal with prejudice.
That in turn raises the question of when a dismissal with prejudice under Rule 12(b)(6) is permissible. Rule 41(b) also answers that question. By providing that Rule 12(b)(6) dismissals are with prejudice unless the district court in its discretion states otherwise, Rule 41(b) indicates that Rule 12(b)(6) dismissals are typically with prejudice and do not require particular justification by the district court. See Okusami v. Psychiatric Institute of Washington, Inc., 959 F.2d 1062, 1066 (D.C.Cir.1992) (Rule 12(b)(6) dismissal for failure to state a claim “is a resolution on the merits and is ordinarily prejudicial”). That conclusion is buttressed by Rule 41(b)’s proviso that dismissals on certain other grounds — lack of jurisdiction, improper venue, and failure to join a required party — are without prejudice.
Any potential unfairness that could otherwise result from this procedural framework is addressed by the Rules in two ways. First, Rule 15(a) provides that if a defendant files a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the plaintiff may amend the complaint as a matter of course within 21 days of service of the motion to dismiss. That aspect of Rule 15(a) ensures, among other things, that the plaintiff has an opportunity to amend a complaint so as to avoid dismissal based on a technicality or readily corrected error that the defendant has identified. Moreover, under Rule 15(a), a district court in its discretion also may grant leave for a plaintiff to amend a complaint even outside the time period for amending as a matter of course. Second, under Rules 41(b) and 12(b)(6), a district court has discretion to dismiss a complaint without prejudice when the district court concludes that the circumstances so warrant. In short, Rules 12(b)(6), 15, and 41(b) work in tandem to establish a fair and efficient process for civil plaintiffs and defendants alike.
But as District Judge Bates has perceptively noted, this Court’s case law on Rule 12(b)(6) dismissals is not fully aligned with the Rules. See In re Interbank Funding Corp. Securities Litigation, 432 F.Supp.2d 51, 54-55 & n. 4 (D.D.C.2006). Some of this Court’s cases, without citing Rule 41(b), have suggested that Rule 12(b)(6) dismissals with prejudice are disfavored. Those decisions have imposed a “high” bar for Rule 12(b)(6) dismissals with prejudice. See, e.g., Belizan v. Hershon, 434 F.3d 579, 583-84 (D.C.Cir.2006). By their terms, however, it is not evident that the Rules *133 impose such a constraint on the discretion of district courts in issuing Rule 12(b)(6) dismissals. On the contrary, Rule 41(b) contemplates that a Rule 12(b)(6) dismissal ordinarily operates as a dismissal with prejudice, unless the district court in its discretion states otherwise.
In any event, I join the Court’s opinion here, which correctly resolves and analyzes this case under our existing precedents.