# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued March 18, 2014          Decided April 25, 2014

No. 13-5007

JEFFRY SCHMIDT, ALSO KNOWN AS JEFF SCHMIDT,
APPELLANT

v.

UNITED STATES OF AMERICA,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:10-cv-00570)

*Michael D.J. Eisenberg* argued the cause and filed the briefs for appellant.

*Benton G. Peterson*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Ronald Machen*, *Jr.*, U.S. Attorney, and *R. Craig Lawrence*, Assistant U.S. Attorney.

Before: HENDERSON and WILKINS, *Circuit Judges*, and SENTELLE, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* WILKINS.

WILKINS, *Circuit Judge*: Appellant Jeffry Schmidt, a Marine Corps veteran, was honorably discharged from the military in 1989 by reason of physical disability. In 1990, he filed an application with the Board for Correction of Naval Records (BCNR) seeking an increase in his disability rating. His request was denied. In 2008, he asked the BCNR to reconsider its earlier decision based, at least in part, on his having been diagnosed with post-traumatic stress disorder and depression by the Department of Veterans Affairs (VA). After the BCNR's Acting Executive Director denied his application, Schmidt filed suit in the Court of Federal Claims, which later transferred one aspect of Schmidt's case to the U.S. District Court for the District of Columbia: his claim that the BCNR's procedure allowing for the Acting Executive Director (rather than the Board) to render a decision on his application was improper. Following transfer, the parties agreed to a remand to the BCNR, whereupon the Board itself considered Schmidt's claim anew. It was denied. Schmidt then sought to challenge, before the District Court, the merits of the BCNR's denial, filing an amended complaint without leave of court or the other side's consent. After disallowing the amended complaint, the District Court dismissed the case as moot, reasoning that Schmidt's only claim for relief had been fully resolved. Alternatively, the District Court ruled that Schmidt's challenge to the BCNR's 2011 decision would be time-barred and that, because he sought money damages, jurisdiction over the claim would lie with the Court of Federal Claims. Schmidt now appeals. Agreeing that the only claim ever properly placed at issue before the District Court was rendered moot by the stipulated remand to the BCNR, we affirm the District Court's dismissal on this basis and do not reach the other issues briefed on appeal.

**– I –**

Jeffry Schmidt served in the U.S. Marine Corps from February 1983 until March 1989, when he was honorably discharged by reason of physical disability due to a lower back condition. Schmidt was given a 10% disability rating, entitling him to a one-time severance payment of about $13,000. Almost immediately after his discharge, Schmidt filed for disability benefits with the Department of Veterans Affairs, and the VA initially awarded Schmidt a 30% combined disability rating (accounting for his lower back issues and a few other medical conditions). Armed with this higher disability rating, Schmidt filed a request for correction of his records with the BCNR, arguing that he was given an unjust rating at the time of discharge.[1] The Board denied Schmidt's request in March 1992, explaining that his new disability ratings were not dispositive "because the VA, unlike the military departments, may assign disability ratings without regard to the issue of fitness for military service." Joint Appendix ("J.A.") 74.

Sixteen years later, in March 2008, Schmidt sought reconsideration of the BCNR's decision, raising what he believed to be new and material evidence. Specifically, he pointed to the fact that the VA had since diagnosed him with post-traumatic stress disorder and depression, and that his overall disability rating from the VA had increased even more since the Board's original decision, totaling 100% (full disability) by that time. J.A. 68–74. In May 2008, the Acting Executive Director of the BCNR denied Schmidt's

---

[1] Because the U.S. Marine Corps is a component of the Department of the Navy, *see* 50 U.S.C. § 3004(b), the BCNR handles records-correction requests from current and former members of the Marine Corps, *see* 32 C.F.R. § 723.2(b).

application; according to the letter of decision, though some of Schmidt's evidence was seen as "new," it was not considered "material." J.A. 65.

Schmidt then filed suit in the U.S. Court of Federal Claims, alleging that he was discharged from the Marine Corps with an incorrect disability percentage rating. He sought back pay and benefits in excess of $10,000, along with an order deeming him medically retired from the military at the disability rating assigned by the VA or, alternatively, a new medical examination board. In addition, Schmidt challenged the BCNR's denial of his reconsideration application, arguing that the decision was not only wrong on the merits, but also procedurally infirm under the Administrative Procedure Act (APA) insofar as the Acting Executive Director—and not members of the Board—acted on his request. J.A. 11–14. The Court of Federal Claims, ruling on cross-motions for summary judgment, dismissed the near entirety of Schmidt's claims as time-barred under 28 U.S.C. § 2501. With respect to Schmidt's procedurally-focused APA challenge, though, the Court of Federal Claims transferred that claim—and only that claim—to the U.S. District Court for the District of Columbia. *See Schmidt v. United States*, 89 Fed. Cl. 111 (Ct. Cl. 2009) (transferring Schmidt's APA claim attacking "the promulgation of a Naval regulation that allows a staff member of the BCNR and not the BCNR itself to deny a petition for reconsideration").[2]

---

[2] The applicable regulation provides, in relevant part:

All requests for further consideration will be initially screened by the Executive Director of the Board to determine whether new and material evidence or other matter (including, but not limited to, any factual allegations or arguments why the relief should be granted) has been submitted by the applicant . . . . If no such evidence or other matter has been submitted, the applicant will be

Following transfer, the parties jointly agreed to remand to the BCNR Schmidt's remaining claim, which the parties described as "his claim that the Navy's regulation allowing denial of a request for reconsideration by the BCNR Acting Executive Director and not BCNR board members violated the APA." J.A. 34–35. The Government agreed to set aside the earlier decision and to have members of the Board (and not the Acting Executive Director) consider Schmidt's request for reconsideration anew. Schmidt's application was no more successful before the Board, however. The BCNR denied his reconsideration request via letter dated March 17, 2011. In the Board's view, Schmidt failed to present any new arguments warranting correction of his records. Despite his subsequent diagnoses and heightened disability ratings from the VA, the Board concluded that Schmidt failed to show he was suffering from these conditions at the time of his discharge in 1989, or that they would have rendered him unfit for duty at the disability ratings he claimed. J.A. 45–47.

After the Board's ruling, Schmidt filed a "Status Report and Proposed Briefing Schedule" in the District Court, followed by an "Amended Complaint." The amended complaint—filed without the Government's consent and without leave of court—purported to "challenge[] the March 17, 2011, BCNR decision as arbitrary, capricious, unsupported by substantial evidence, and contrary to law." J.A. 37–41. The Government objected to Schmidt's amendment, noting, among other things, his failure to comply with Federal Rule of Civil Procedure 15(a)(2). J.A. 42 n.1. At that point, in the Government's eyes, "[t]he only APA

---

informed that his/her request was not considered by the Board because it did not contain new and material evidence or other matter.

32 C.F.R. § 723.9 (2013).

issue before [the] [c]ourt (the alleged improper participation by the Executive Director of the BCNR in Plaintiff's request for reconsideration before the BCNR) ha[d] been rectified." J.A. 44. The District Court agreed and issued an order disallowing the amended complaint and adopting the Government's description of Schmidt's sole pending claim. J.A. 48–49.

Schmidt proceeded to file a "Motion to be Heard on the APA Issue," arguing that the District Court had "APA jurisdiction" to hear his substantive appeal from the BCNR's reconsideration decision. Therein, Schmidt "agree[d] with the Government that the issue of the procedural APA violation [was] now moot"; he argued, however, that the Board's decision after remand "[was] itself subject to judicial review," and he asked the District Court "to find that it has jurisdiction to hear [his] challenge to the March 17, 2011, final decision by the BCNR." J.A. 50–55. Meanwhile, the Government moved to dismiss the case as moot, contending that the Board's decision on Schmidt's reconsideration application afforded him all the relief sought through his only remaining claim. The Government also argued, seemingly in the alternative, that any claim challenging the substance of the BCNR's 2011 decision would be time-barred and subject to the Court of Federal Claims' exclusive Tucker-Act jurisdiction in any event.

The District Court granted the Government's motion and dismissed Schmidt's case for lack of jurisdiction. It ruled that "[t]he Board's review on remand totally remedied and disposed of Plaintiff's sole argument that the Navy's regulation . . . permitting the Executive Director to make such a decision" was improper. Finding that Schmidt had secured "the only remedy he sought in the remand," the District Court thus dismissed the case as moot. Alternatively, the District

Court also found that Schmidt's proposed "substantive" challenge to the merits of the 2011 BCNR decision would be barred by the statute of limitations and, as a claim seeking money damages, would be subject to the exclusive jurisdiction vested in the Court of Federal Claims. J.A. 56–61.

The District Court entered judgment on December 21, 2012, and Schmidt timely appealed. We have jurisdiction under 28 U.S.C. § 1291, and we review *de novo* the District Court's dismissal for lack of subject matter jurisdiction, including on mootness grounds. *Del Monte Fresh Produce Co. v. United States*, 570 F.3d 316, 321 (D.C. Cir. 2009).

**– II –**

"Simply stated, a case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Larsen v. U.S. Navy*, 525 F.3d 1, 3–4 (D.C. Cir. 2008) (quoting *Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). "This occurs when, among other things, the court can provide no effective remedy because a party has already 'obtained all the relief that [it has] sought.'" *Conservation Force, Inc. v. Jewell*, 733 F.3d 1200, 1204 (D.C. Cir. 2013) (quoting *Monzillo v. Biller*, 735 F.2d 1456, 1459 (D.C. Cir. 1984)). If a case becomes moot, federal courts are divested of jurisdiction over the action. *See Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983).

In this case, all agree that the only claim transferred to the District Court from the Court of Federal Claims was Schmidt's procedurally-focused attack on the BCNR's 2008 denial of his reconsideration request—*i.e.*, his claim that it was wrong for the Acting Executive Director to make that decision, rather than the Board. All also agree that this claim

was rendered moot when, after remand, the BCNR itself evaluated and made a determination on Schmidt's application. Consequently, unless Schmidt properly amended his complaint to assert another live claim before the District Court, the court was right to conclude that the controversy was moot and that it thus lacked jurisdiction over the case.

In our view, then, this appeal turns on well-settled, procedural principles governing the amendment of pleadings.

Federal Rule of Civil Procedure 15(a)(2) provides that, once the time for amendment as a matter of right has lapsed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). We have long observed that leave to amend under Rule 15 shall be granted "freely," *Confederate Mem'l Ass'n, Inc. v. Hines*, 995 F.2d 295, 299 (D.C. Cir. 1993), but we have also made clear that "Rule 15(a)—even as liberally construed—applies only when the plaintiff actually has moved for leave to amend the complaint; absent a motion, there is nothing to be freely given," *Belizan v. Hershon*, 434 F.3d 579, 582 (D.C. Cir. 2006). Our prior cases have repeatedly stressed the importance of navigating the procedural requirements for amending under Rule 15. *Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 130–31 (D.C. Cir. 2012); *Belizan*, 434 F.3d at 582–83; *Hines*, 995 F.2d at 299. And this is where Schmidt's appeal runs aground. Whatever the merit of Schmidt's attack on the BCNR's 2011 decision, this claim was never properly placed before the District Court through a course that complied with Rule 15.

To be sure, Schmidt attempted to file an amended complaint after the BCNR rendered its decision on remand, but that attempt failed to comply with Rule 15(a)(2) because Schmidt did not have the Government's consent, nor did he

seek leave of court. As a result, the District Court rightly disallowed his amended complaint, which, absent consent or leave of court, was without legal effect. *United States ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003); *Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998); *see also* CHARLES A. WRIGHT & ARTHUR R. MILLER, 6 FEDERAL PRACTICE & PROCEDURE: CIVIL § 1484, at 685 (3d ed. 2010).

Thereafter, Schmidt—who has been represented by counsel throughout these proceedings—never followed the proper course for amending his complaint to add the claim he now seeks to press. He did file a "Motion to be Heard on the APA Issue," but we are far from convinced that this submission can be fairly treated as a motion seeking leave to amend.[3] Nowhere within that filing did Schmidt so much as reference Federal Rule 15, nor did he otherwise attempt to explain how he satisfied the legal standards for amendment. Instead, that submission was directed at whether the District Court had *jurisdiction* to hear his new APA challenge—an issue distinct from whether he could properly *amend* the scope of his lawsuit to include such a claim in this case.

Even construing his "Motion to be Heard" as a motion for leave to amend, though, Schmidt fares no better. First, his filing was still procedurally deficient because he failed to attach a copy of his proposed amended pleading, as required by D.C. District Court Local Civil Rules 7(i) and 15.1. We have faulted litigants for this shortcoming in the past. *See*

---

[3] This is particularly so given the response of Schmidt's counsel to these issues during oral argument. Counsel conceded that no proper motion for leave to amend was filed in the District Court, even going so far as to recognize that he "may have erred" in not filing a motion for leave to amend. (Oral Arg. Recording at 8:05–9:26).

*Rollins*, 703 F.3d at 130-31. Second, and perhaps more problematic, Schmidt's opening brief fails to meaningfully argue that the District Court was wrong in refusing to allow him to amend his complaint, certainly not using the Rule 15 rubric we regularly apply in reviewing these issues on appeal. In this sense, the argument is debatably forfeited. *See, e.g.*, *World Wide Minerals, Ltd. v. Republic of Kazakhstan*, 296 F.3d 1154, 1160 (D.C. Cir. 2002) ("As we have said many times before, a party waives its right to challenge a ruling of the district court if it fails to make that challenge in its opening brief."). And third, our review of the District Court's denial of leave to amend is for abuse of discretion in any event, *see Elkins v. District of Columbia*, 690 F.3d 554, 565 (D.C. Cir. 2012), and Schmidt can point to none here. During argument, counsel's only real response to this last point was that Congress's "solicitude" for veterans should have trumped Rule 15's procedural requirements for amendment. (Oral Arg. Recording at 10:45–11:20). We disagree. While we certainly have tremendous respect for the men and women of our military, their estimable service for our country does not exempt them from compliance with the Federal Rules of Civil Procedure, for "[t]hese rules govern the procedure in *all* civil actions and proceedings in the United States district courts," FED. R. CIV. P. 1 (emphasis added), other than in certain exceptional circumstances not present here.

In sum, because Schmidt never properly amended his complaint before the District Court to assert a claim contesting the merits of the BCNR's 2011 decision, and because there is no dispute that Schmidt's original, procedurally-focused claim was rendered moot by the Board's

action upon remand, we conclude that the District Court properly dismissed this action on mootness grounds.[4]

Given this holding, we have no occasion to reach the District Court's other grounds for dismissal, nor any of the other arguments raised on appeal. We thus express no view as to whether Schmidt's merits-based, APA challenge to the BCNR's 2011 decision (1) was timely brought under 28 U.S.C. § 2401(a); (2) was subject to the exclusive jurisdiction of the Court of Federal Claims under the Tucker Act; or (3)

---

[4] We feel constrained to briefly flag our frustration that neither side's briefing seemed to fully grasp Rule 15's importance to the resolution of this case. Schmidt's opening and reply briefs failed to cite Rule 15 at all, and nowhere in his briefing did he assert that the trial court's striking of his amended complaint was in error. In addition, though the Government's brief did refer to Schmidt's ham-handed efforts to amend his complaint below, and his failure to squarely raise that issue on appeal, (*see* Gov't Br. at 11), the Government could have spelled out, in clearer fashion, the interplay between Schmidt's noncompliance with Rule 15 and the resultant mootness of this case.

That being said, we do not perceive any waiver of these Rule 15 arguments on the Government's part here, and we have no compunction about our resolving this case on these grounds. For one thing, we generally employ waiver principles with a greater "degree of leniency" as applied to appellees. *Cf. Crocker v. Piedmont Aviation, Inc.*, 49 F.3d 735, 740–41 (D.C. Cir. 1995) ("[F]orcing appellees to put forth every conceivable alternative ground for affirmance might increase the complexity and scope of litigation more than it would streamline the progress of litigation."). Additionally, this point was explored at some length with the parties during oral argument, and at no point did Schmidt suggest that the Government waived the issue. We thus treat any potential waiver argument that Schmidt might have raised as itself waived. *See Catholic Health Initiatives Iowa Corp. v. Sebelius*, 718 F.3d 914, 922 n.6 (D.C. Cir. 2013).

was barred by *res judicata*, law-of-the-case, or any other doctrine of preclusion. Indeed, because Schmidt's case became moot, the District Court was without power to decide these issues in the first place, and, to the extent that it did so, those portions of its opinion are vacated. These matters can be resolved, if at all, should Schmidt choose to file a new lawsuit properly asserting such a claim with the District Court or the Court of Federal Claims.

## – III –

For the foregoing reasons, we affirm the District Court's judgment dismissing this case on mootness grounds.

*So ordered.*