**Thomas ALSTON, Plaintiff–Appellant**

v.

**FLAGSTAR BANK, FSB,
Defendant–Appellee.**

No. 14–7066.

United States Court of Appeals,
District of Columbia Circuit.

June 30, 2015.

Thomas Alston, Largo, MD, pro se.

Zeenat Asra Iqbal, Stradley Ronon Stevens & Young LLP, Washington, DC, Andrew K. Stutzman, Stradley Ronon Stevens Young LLP, Philadelphia, PA, for Defendant–Appellee.

Before: BROWN, GRIFFITH, & PILLARD, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the briefs and joint appendix submitted by the parties. *See* Fed. R.App. P. 34(a)(2); D.C. Cir. R. 34(j). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the district's court's order dismissing plaintiff-appellant's complaint be reversed, and that the case be remanded to the district court with instructions to remand to the D.C. Superior Court for lack of subject-matter jurisdiction.

Plaintiff-appellant Thomas Alston, a Maryland resident, obtained a loan to purchase property in 2003 from defendant-appellee Flagstar Bank, FSB, a mortgage lender in Washington, D.C. The loan was secured by a deed of trust, and the mortgage contract required Flagstar to "surrender all notes evidencing debt" once Alston satisfied his obligations. After Alston paid the balance of his debt to Flagstar, the bank filed a notice with the Office of Recorder of Deeds for the District of Columbia recording that the mortgage was discharged as fully paid. But the bank did not surrender to Alston the original promissory note. In 2010, Flagstar mailed Alston a copy of the note along with a letter explaining that the original had been sent via U.S. Mail and must have been lost in transit. Alston then filed suit against Flagstar in D.C. Superior Court in 2012, alleging that Flagstar had breached the mortgage contract by failing to provide the original note and had acted negligently by sending the note via regular mail. Alston claimed that he remains liable to whomever currently holds the missing note and that he has suffered damages as a result.

Flagstar filed a motion to dismiss after removing the action to the United States Court for the District of Columbia based on diversity jurisdiction. *See* 28 U.S.C. § 1332 (providing jurisdiction in federal court for a citizen of one state to sue a citizen of another if the amount in controversy exceeds $75,000). The district court granted this motion without prejudice because Alston lacked standing and his claims were not ripe for adjudication. The district court based this holding on its conclusion that Alston's alleged injuries were not imminent and were entirely speculative, as they rested on the possibility that someone might find the lost note and attempt to enforce it against him. *Alston v. Flagstar Bank, FSB,* 969 F.Supp.2d 14, 17–18 (D.D.C.2013). Alston filed a motion to alter or amend the order, arguing that the court should have considered his out-of-pocket expenses as an injury he had already suffered and that D.C. contract

law allows him to recover nominal damages even if he had not yet suffered actual damages. In his reply brief, Alston also requested leave to amend his complaint to seek declaratory relief or specific performance. The district court denied the motion to alter or amend, holding that out-of-pocket expenses are not a cognizable injury and reiterating that Alston's other alleged injuries were speculative. The court also noted that even if Alston's nominal damages could overcome the standing and ripeness concerns, the court would have to remand the case to the D.C. Superior Court because nominal damages cannot satisfy the $75,000 amount-in-controversy requirement for diversity jurisdiction. The district court then denied Alston's request to amend his complaint because Alston did not file a formal motion seeking leave to amend or attach a proposed amended complaint to that motion. *See* FED.R.CIV.P. 15(a)(2); D.C. District Court Local Civil Rule 15.1.

Alston now appeals the district court's order dismissing his contract claim and the court's order dismissing his motion to alter or amend the judgment. He argues that the district court erred in dismissing his complaint on standing and ripeness grounds because D.C. contract law allows a plaintiff to bring a breach of contract action even if he requests only nominal damages. He also claims that the district court should have permitted him to amend his complaint. We review a district court's dismissal for standing de novo, *LaRoque v. Holder*, 650 F.3d 777, 785 (D.C.Cir.2011), while we review a district court's decision whether to alter or amend a judgment, or whether to permit a party to amend his pleading, for abuse of discretion, *Belizan v. Hershon*, 434 F.3d 579, 582 (D.C.Cir. 2006); *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C.Cir.1996).

We agree with the district court that Alston's negligible damages related to the filing of this suit are not cognizable for standing purposes. *See Spann v. Colonial Vill., Inc.*, 899 F.2d 24, 27 (D.C.Cir.1990) (holding that a plaintiff "cannot, of course, manufacture the injury necessary to maintain a suit from [his] expenditure of resources on that very suit"). However, we agree with Alston that D.C. contract law grants him standing to pursue a breach of contract claim, even though he has neither suffered nor proved actual damages and could recover only nominal damages at this time. Under D.C. law, a breach of contract claim accrues at the moment of breach because "[n]ominal damages at least can be recovered immediately upon the happening of the breach." *Wright v. Howard Univ.*, 60 A.3d 749, 753 (D.C.2013) (internal quotation marks and citation omitted). While several D.C. cases contain statements suggesting that a prima facie case for breach of contract requires some proof of damages, we have found no D.C. case requiring plaintiffs to claim actual injury at the threshold to have standing to sue for breach of contract. *See, e.g., Osbourne v. Capital City Mortg. Corp.*, 727 A.2d 322 (D.C.1999). Instead, the settled rule in the District is that "[e]ven where monetary damages cannot be proved, a plaintiff who can establish a breach of contract is entitled to an award of nominal damages." *Wright*, 60 A.3d at 753. Thus the injury, for standing purposes, is the breach itself, and nominal damages suffice to state a claim under D.C. contract law, *see id.*, which applies to federal district courts sitting in diversity, *Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d 902, 907 (D.C.Cir.2006). Since the district court erroneously concluded that Alston lacked standing to bring a claim for nominal damages, we will reverse the dismissal of his breach of contract claim.

However, Alston has argued himself out of federal court because only his claim for

nominal damages is ripe, and nominal damages do not meet the $75,000 amount-in-controversy requirement for diversity jurisdiction. *See* 28 U.S.C. § 1332(a); *Indiana Hi–Rail Corp. v. Decatur Junction Ry. Co.*, 37 F.3d 363, 366 (7th Cir. 1994) (holding that where the plaintiff is only entitled to nominal damages under state law, "it is a legal certainty that [the plaintiff] could not recover the jurisdictional amount"). Nor do Alston's out-of-pocket litigation expenses—even if they were cognizable for Article III purposes—count toward the amount in controversy. *See* 28 U.S.C. § 1332(a) (requiring litigants to meet the amount-in-controversy requirement "exclusive . . . of costs"). The case therefore must be remanded to the D.C. Superior Court.

The district court also did not abuse its discretion in denying Alston's motion for leave to amend his complaint. Since Alston did not follow the court's rules governing amendments, "it could hardly have been an abuse of discretion for the district court to deny leave to amend." *Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 131 (D.C.Cir.2012) (internal quotation marks and citation omitted).

The Clerk is directed to publish this Judgment, and to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C.CIR. R. 41.