**Miguel ILAW, Appellant**

v.

**LITTLER MENDELSON P.C. and Lucy H. Koh, in her individual capacity, Appellees.**

No. 15-5352

September Term, 2015

United States Court of Appeals, District of Columbia Circuit.

Filed On: June 10, 2016

Rehearing En Banc Denied July 15, 2016.

Miguel Ilaw, San Jose, CA, Pro Se.

matter.

Joseph Peter Harkins, Steven E. Kaplan, Littler Mendelson PC, Robin Michelle Meriweather, Assistant U.S. Attorney, R. Craig Lawrence, U.S. Attorney's Office (USA), Civil Division, Washington, DC, for Defendants–Appellees.

BEFORE: Rogers, Kavanaugh, and Wilkins, Circuit Judges

## ORDER

Per Curiam

Upon consideration of the motions for summary affirmance, the opposition thereto, and the replies; and the motion for summary reversal, the oppositions thereto, and the replies, it is

**ORDERED** that the motion for summary reversal be denied and the motions for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987). The district court appropriately dismissed appellant's claims brought under various state and federal criminal laws, as appellant has failed to show that these statutes provide for a private right of action. See Central Bank of Denver v. First Interstate Bank of Denver, 511 U.S. 164, 190, 114 S.Ct. 1439, 128 L.Ed.2d 119 (1994). Appellant's remaining civil claims against District Court Judge Lucy Koh and Littler Mendelson, P.C., are barred by res judicata. See Smalls v. United States, 471 F.3d 186, 192 (D.C. Cir. 2006). The District Court for the Northern District of California's dismissal of the appellant's prior case with prejudice, see Ilaw v. Littler Mendelson, P.C., No. 13-cv-04851 (N.D. Cal. Jan. 14, 2014), operated as a final judgment for res judicata purposes. See Belizan v. Hershon, 434 F.3d 579, 583 (D.C. Cir. 2006); Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987). Because there was a final judgment in the prior action, against the same defendants, implicating the same underlying facts that form the basis of appellant's current claims, res judicata precludes him from relitigating issues which were decided, or which could have been raised and decided, in the earlier proceeding. See Drake v. FAA, 291 F.3d 59, 66 (D.C. Cir. 2002).

Pursuant to D.C. Circuit Rule 26, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.