**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| KOJO AMISSAH, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: 19-679 (RC) |
| | : | |
| v. | : | Re Document No.: 5 |
| | : | |
| GALLAUDET UNIVERSITY, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

**GRANTING DEFENDANT'S MOTION TO DISMISS**

**I. INTRODUCTION**

Plaintiff Kojo Amissah, proceeding *pro se*, brought this action by filing a "Petition for Review of Agency Decision" against his employer, Defendant Gallaudet University. Gallaudet has moved to dismiss, arguing that Amissah has failed to plead sufficient facts to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6). For the reasons explained below, the Court grants Gallaudet's motion. Amissah's claims are dismissed without prejudice, but he is granted leave to file an amended complaint.

**II. FACTUAL BACKGROUND**

Amissah initiated this matter by filing a "Petition for Review of Agency Decision" with the D.C. Superior Court. The Petition purports to appeal a "Notice of Right to Sue" ("RTS Order") from the Equal Employment Opportunity Commission ("EEOC") issued under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e–17; the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101–12103; or the Genetic Information Nondiscrimination Act ("GINA"), 42 U.S.C. §§ 2000ff to 2000ff–11. *See* Ex. 1 at 1, ECF No. 1-

1. The RTS Order, which is attached to the Petition, indicates that, on November 6, 2018, the EEOC stopped processing Amissah's charge. *See id.* When prompted for a "concise statement of the Agency proceedings and the decision as to which review is sought and the nature of the relief requested by petitioner," the Petition states only "[d]iscrimination and financial settlement." *See id*. at 1. The Petition provides no further factual allegations. *See id.*

After removing to this Court, Gallaudet moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See* Def.'s Mot. Dismiss, ECF No. 5. In his Opposition to that motion, Amissah added new factual allegations to "further explain [his] charge" of "discrimination" under Title VII. *See* Pl.'s Opp'n Mot. Dismiss at 1, ECF No. 7. The Opposition alleges that Gallaudet intentionally withheld opportunities from him because he is a deaf African-American male who advocated for diversity and inclusion in the workplace. *See id.* at 2. It also claims that management treated him "differently than . . . white . . . females with much less experience and education." *See id.* According to Amissah, "evidence, after an informal inquiry, clearly shows that Gallaudet . . . [used] a prohibited personnel policy" to deny him equal employment opportunities. *See id.* at 1.

### III. LEGAL STANDARD

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim" in order to give the defendant fair notice of the claim and the grounds upon which it rests. Fed. R. Civ. P. 8(a)(2); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). A motion to dismiss under Rule 12(b)(6) does not test a plaintiff's ultimate likelihood of success on the merits; rather, it tests whether a plaintiff has properly stated a claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A court considering such a motion presumes that the complaint's factual allegations are true and construes them liberally in the plaintiff's

favor.  *See, e.g.*, *United States v. Philip Morris, Inc.*, 116 F. Supp. 2d 131, 135 (D.D.C. 2000).  It also is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint.  *See, e.g.*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002); *Bryant v. Pepco*, 730 F. Supp. 2d 25, 28 (D.D.C. 2010).

Nevertheless, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This means that a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 550 U.S. at 555–56 (citations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are therefore insufficient.  *Iqbal*, 556 U.S. at 678.  A court need not accept a plaintiff's legal conclusions as true, *see id.*, nor must it presume the veracity of legal conclusions that are couched as factual allegations.  *See Twombly*, 550 U.S. at 555.

When considering a motion under Rule 12(b)(6), a court is generally limited to the four corners of the complaint and any "documents attached as exhibits or incorporated by reference in the complaint."  *Ward v. D.C. Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 119 (D.D.C. 2011) (internal quotation marks omitted) (quoting *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002)).  But a *pro se* plaintiff's pleadings must be "considered *in toto*" to determine whether they "set out allegations sufficient to survive dismissal."  *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 151 (D.C. Cir. 2015) (reversing the district court because it failed to consider allegations found in a *pro se* plaintiff's opposition to a motion to dismiss).  Still, a *pro se* plaintiff, must "plead 'factual matter' that permits the court to infer 'more than the

mere possibility of misconduct.'" *Mazza v. Verizon Wash. DC, Inc.*, 852 F. Supp. 2d 28, 33 (D.D.C. 2012) (quoting *Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009)). That is, a court must determine whether, accepting the *pro se* plaintiff's factual contentions as true and drawing all inferences in his favor, the plaintiff has alleged factual content in his complaint that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## IV. ANALYSIS

Gallaudet has moved to dismiss here on two independent grounds. First, it argues that Amissah has not plead sufficient factual matter to present a claim upon which relief can be granted. *See* Def.'s Mot. at 2–3. Second, Gallaudet argues that Amissah cannot seek judicial review of the EEOC's action under the D.C. Superior Court's Agency Review Rules. *See id.* at 3–4. As explained below, the Court finds that the first of these arguments has merit. The Court therefore grants Gallaudet's motion without addressing the second.

As alluded to above, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). And Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Iqbal*, 556 U.S. at 677–78. In this case, Amissah's Petition fails to meet this minimal pleading requirement because it is devoid of any factual allegations whatsoever. Amissah uses one word—"discrimination"—to describe the nature of his claim. But he fails to demonstrate why he is entitled to relief. Without more definitive information about the type of claim Amissah intends to pursue, it would be impossible for Gallaudet to prepare a suitable defense. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977) (finding

4

the purpose of the Rule 8 standard is to ensure defendants receive fair notice of the claim being asserted so they can prepare an adequate defense).

The additional allegations in Amissah's Opposition do not cure this deficiency, either.[1] The Opposition introduces new facts and includes claims of retaliation, race discrimination, and sex discrimination under Title VII. *See generally* Pl.'s Opp'n. These factual allegations are still unclear, though, and lack specificity. According to Amissah, evidence clearly shows that Gallaudet used a prohibited personnel policy to deny him equal employment opportunities, and claims to know this after conducting "an informal inquiry." *See id.* at 1. He also alleges that management treated him "differently than . . . white . . . females with much less experience and education." *See id.* at 2. But the Opposition provides no specific facts regarding the Gallaudet policy at issue or the particular opportunities it allegedly denied Amissah in favor of his co-workers. In order "to nudge his claim of . . . discrimination across the line from conceivable to plausible," Amissah "need[s] to allege more by way of factual content." *Iqbal*, 556 U.S. at 683 (citing *Twombly*, 550 U.S. at 570).

---

[1] Gallaudet argues that Amissah failed to address any of the grounds for dismissal raised in its motion and that he therefore conceded those arguments. *See* Def.'s Reply at 2, ECF No. 8 (citing *Remmie v. Mabus*, 846 F. Supp. 2d 91, 95 (D.D.C. 2012)). "However, the D.C. Circuit has recently clarified that 'a party may rest on its complaint in the face of a motion to dismiss if the complaint itself adequately states a plausible claim for relief' and that a court should not turn 'what should be an attack on the legal sufficiency of the complaint into an attack on the legal sufficiency of the response in opposition to the motion to dismiss.'" *Golden v. Mgmt. & Training Corp.*, 319 F. Supp. 3d 358, 378 n.4 (D.D.C. 2018) (quoting *Wash. All. of Tech. Workers v. U.S. Dep't of Homeland Sec.*, 892 F.3d 332, 345 (D.C. Cir. 2018)). Furthermore, as noted earlier, "a district court errs in failing to consider a *pro se* litigant's complaint 'in light of' all filings, including filings responsive to a motion to dismiss." *Brown*, 789 F.3d at 151 (quoting *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999). Accordingly, the Court has an obligation to consider the facts alleged in Amissah's Opposition, and it rejects Gallaudet's argument that Amissah has conceded the motion to dismiss.

The Court will not, however, dismiss Amissah's claims with prejudice at this time. After all, "[d]ismissal with prejudice is the exception, not the rule, in federal practice because it 'operates as a rejection of the plaintiff's claims on the merits and [ultimately] precludes further litigation of them.'" *Rudder v. Williams*, 666 F.3d 790, 794 (D.C. Cir. 2012) (quoting *Belizan v. Hershon*, 434 F.3d 579, 583 (D.C. Cir. 2006)). Rule 15(a), moreover, instructs that courts should freely give leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). Given that liberal standard and Amissah's *pro se* status, the Court will grant him leave to amend his complaint within thirty days. If he chooses to file an amended complaint, Amissah must provide the who, what, where, and when regarding what allegedly happened to him. For example, to the extent he alleges that he was passed over for a promotion, he should set forth what the position was, when it was filled, who filled it, who made the selection decision, and why he believes the selection was discriminatory (e.g., race of the selected candidate, description of his qualifications versus those of the selected candidate as it pertains to the specific position). Similar information must be provided for any claims of retaliation.

## V. CONCLUSION

For the foregoing reasons, Gallaudet's Motion to Dismiss (ECF No. 5) is **GRANTED**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: June 20, 2019                                         RUDOLPH CONTRERAS
                                                             United States District Judge

6