# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ALBINA I. DVORAK, *et al.*,

   *Plaintiff*,

  v.

U.S. DEPARTMENT OF HOMELAND
SECURITY, *et al.*,

   *Defendants.*

No. 18-cv-1941 (DLF)

## MEMORANDUM OPINION & ORDER

On August 18, 2018, the plaintiffs filed this action requesting that the Court "issue a writ of mandamus compelling Defendants to adjudicate the [plaintiffs'] long-delayed sibling visa applications." Compl. at 3, Dkt. 1. On February 28, 2019, the defendants filed a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Dkt. 8. In their motion, the defendants argued that the plaintiffs' requests for relief had become moot because the Department of Homeland Security (DHS) had acted on the plaintiffs' visa applications. In support, they attached a sworn declaration and copies of the Department's decisions. *See* Keys Decl. ¶¶ 5–6, Dkt. 8-2; *see also* Keys Decl. Exs. A–D, Dkt. 8-2. As of April 3, 2019, the plaintiffs have not filed any opposition or other response to the defendants' motion to dismiss.

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may move to dismiss an action or claim when the court lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A motion for dismissal under Rule 12(b)(1) "presents a threshold challenge to the court's jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). Federal district courts are courts of limited jurisdiction, and it is "presumed that a cause lies outside this limited

jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Thus, "the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence." *Moran v. U.S. Capitol Police Bd.*, 820 F. Supp. 2d 48, 53 (D.D.C. 2011) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)).

"When ruling on a Rule 12(b)(1) motion, the court must treat the plaintiff's factual allegations as true and afford the plaintiff the benefit of all inferences that can be derived from the facts alleged." *Jeong Seon Han v. Lynch*, 223 F. Supp. 3d 95, 103 (D.D.C. 2016) (internal quotation marks omitted). Those factual allegations, however, receive "closer scrutiny" than they would if the court were considering a Rule 12(b)(6) motion for failure to state a claim. *Id.* Also, unlike in the Rule 12(b)(6) context, a court may consider documents outside the pleadings to evaluate whether it has jurisdiction. *See Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005). If, at any point, the court determines that it lacks jurisdiction, the court must dismiss the claim or action. Fed. R. Civ. P. 12(b)(1), 12(h)(3).

A claim becomes moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Schmidt v. United States*, 749 F.3d 1064, 1068 (D.C. Cir. 2014) (quoting *Larsen v. U.S. Navy*, 525 F.3d 1, 3–4 (D.C. Cir. 2008)). This can occur when "the court can provide no effective remedy because a party has already obtained all the relief that it has sought." *Mittleman v. Postal Regulatory Com'n*, 757 F.3d 300, 303 (D.C. Cir. 2014) (internal quotation marks omitted).

In this case, the defendants' declaration and exhibits establish that the plaintiffs have received the relief they requested: final action on their pending visa applications. Although the plaintiffs further requested that the Court assume jurisdiction over their applications and order

the Department to issue them visas, that request was also premised on the Department's failure to act on their applications, which it has now done.

Because the Department has already provided the plaintiffs the relief they requested, their claim is now moot, and the Court lacks jurisdiction over this action.

In addition, this Court's local rules provide that if a party does not file an opposition to a motion "[w]ithin 14 days of the date of service," the court "may treat the motion as conceded." Local Civ. R. 7(b). Because the defendants' motion has been pending for over one month and the plaintiffs have still not filed any opposition, they have conceded that the Court lacks jurisdiction over this action and must dismiss it without prejudice.

Accordingly, it is

**ORDERED** that the defendants' Motion to Dismiss, Dkt. 8, is **GRANTED**;

**ORDERED** that this case is **DISMISSED** without prejudice.[1]

The Clerk of Court is directed to close this case.

DABNEY L. FRIEDRICH
United States District Judge

April 3, 2019

---

[1] Although the defendants seek dismissal with prejudice, "a Rule 12(b)(1) dismissal for lack of jurisdiction generally is not a decision on the merits and therefore should be without prejudice." *Montgomery v. Comey*, 752 F. App'x 3, 5 (D.C. Cir. 2019) (per curiam).