# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued February 13, 2024      Decided August 6, 2024

No. 23-7042

ANTHONY D. GIVENS, ET AL.,
APPELLANTS

v.

MURIEL BOWSER, IN HER OFFICIAL CAPACITY AS MAYOR,
WASHINGTON, D.C., ET AL.,
APPELLEES

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:20-cv-00307)

———

*Aytan Y. Bellin* argued the cause and filed the briefs for appellants.

*Russell C. Bogue*, Appellate Litigation Fellow, Assistant Attorney General, Office of the Attorney General for the District of Columbia, argued the cause for appellees. On the brief were *Brian L. Schwalb*, Attorney General, *Caroline S. Van Zile*, Solicitor General, *Ashwin P. Phatak*, Principal Deputy Solicitor General, and *Thais-Lyn Trayer*, Deputy Solicitor General.

Before: MILLETT and WALKER, *Circuit Judges*, and GINSBURG, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* WALKER.

WALKER, *Circuit Judge*: Eva Mae Givens applied for Medicaid assistance. The District of Columbia erroneously calculated her copay. It also failed to provide her with a fair hearing in a timely manner.

Givens sued, alleging a violation of her federal rights. Before the suit ended, D.C. held a hearing and corrected its miscalculation. Shortly after that, Givens passed away.

The district court then dismissed the case with prejudice. It held that the case was moot. In the alternative, it held that Givens failed to state a claim for relief.

We affirm in part and vacate in part.

Givens' fair-hearing claims are moot — though their dismissal should have been without prejudice.

Her calculation claim is not moot because, after D.C. corrected its miscalculation, it sent back-payments only to the nursing homes, not to Givens. But the calculation claim fails to plausibly allege a federal-rights violation. So it was still proper to dismiss that claim. On remand, the district court should dismiss the calculation claim without prejudice if the defects in the complaint could plausibly be cured by additional pleading.

## I. Background

Eva Mae Givens asked the District of Columbia for Medicaid funding to help cover her nursing-home costs. But D.C. miscalculated her copay. *See* 42 C.F.R. § 435.725(c)(4)(ii). As a result of that miscalculation, Givens was erroneously required to contribute about $2,000 a month to the cost of her own care.

Four months later, Givens requested an administrative hearing to contest the miscalculation. But D.C. did not provide a hearing within ninety days, as required by federal law. *See* 42 C.F.R. § 431.244(f).

Givens later sued in federal district court under 42 U.S.C. § 1983 for a violation of her federal rights. She raised two types of individual claims: (1) requests for injunctive and declaratory relief to obtain a fair hearing on her Medicaid claim, and (2) a request for monetary damages for the amount she was required to overpay her nursing homes after the miscalculation of her copay. Givens also (3) sought certification of a class of D.C. Medicaid recipients denied timely hearings and requested injunctive and declaratory relief on their behalf.[1]

While the district court case was pending, D.C. finally provided Givens with an administrative hearing. During the hearing, D.C. conceded that it had miscalculated her copay. It recalculated her copay and sent back-payments to Givens' nursing homes — the payments that it should have made all along. But D.C. did not send payments to Givens to

---

[1] Givens also sought certification of a separate class of D.C. Medicaid recipients whose copays had been miscalculated, but that issue is not presented on appeal.

compensate her for the $2,000 per month that she had wrongly been required to pay the nursing homes prior to D.C.'s recalculation. *See* JA 59, 66, 67.

Givens passed away nine days after the administrative hearing. The district court case was still pending, and her attorneys notified the court of her death. They said they would move to substitute her adult children as plaintiffs.

But months passed and the motion never arrived. So a magistrate judge recommended that the district court dismiss the case.

Givens' children then moved to be substituted as plaintiffs in place of their mother. They also asked for permission to amend the complaint. And they filed objections to the magistrate judge's recommendation of dismissal.

The magistrate judge allowed the children to be listed as parties only "for the limited purpose of objecting to the" recommendation. JA 7. He expressed no view on whether they could be substituted as full parties. And he declined to consider the proposed amended complaint until the district court ruled on the recommended dismissal.

The district court overruled the objections, adopted the magistrate judge's recommendation, and dismissed the case with prejudice. *See Givens v. Bowser*, 2022 WL 4598576, at *1 (D.D.C. Sept. 30, 2022). It held that all of Givens' claims were moot. In the alternative, it held that Givens had failed to state any valid claim.

The Givens children sought reconsideration. They argued that the dismissal should have been without prejudice. But the

district court denied reconsideration. *See Givens v. Bowser*, 2023 WL 2645663, at *1, *4 (D.D.C. Mar. 26, 2023).

The Givens children appealed.

## II. The Fair-Hearing Claims Are Moot

The Givens children concede that the claim for injunctive and declaratory relief to obtain a fair hearing is moot because D.C. eventually provided Givens a fair hearing. Oral Arg. Tr. at 17-18. They have not argued that an exception to mootness applies to that claim. Nevertheless, they argue that the fair-hearing claims of the *proposed class* are not moot and that they can still serve as representatives for this class.

We disagree.

A proposed class representative "must keep her individual dispute live until certification, or else the class action based on that claim generally becomes moot." *J.D. v. Azar*, 925 F.3d 1291, 1307 (D.C. Cir. 2019). So here, unless an exception applies, the proposed class's fair-hearing claims became moot when Givens' individual fair-hearing claim became moot. *See United States v. Sanchez-Gomez*, 584 U.S. 381, 386-87 (2018).

No exception to that rule fits this case. The Givens children note that when "a named plaintiff's claim is inherently transitory, and becomes moot prior to certification, a motion for certification may relate back to the filing of the complaint." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 n.2 (2013) (cleaned up). But the "inherently transitory" exception applies only when "the record . . . assure[s] us that some class members will retain a live claim throughout the proceedings." *J.D.*, 925 F.3d at 1310.

Here, nothing in the record assures us that the alleged violations are pervasive and ongoing. The complaint says D.C. miscalculated the copays of forty D.C. residents and then denied them timely hearings. JA 16-17. Even assuming there is a factual basis for that number, that is a small fraction of the residents in D.C. covered by Medicaid — too small to demonstrate that the alleged violations will recur often enough for members of the proposed class to retain live claims throughout the litigation.

### III. The Calculation Claim Is Not Moot

Givens sought damages to compensate her for D.C.'s miscalculation of her copay. The Givens children argue that this calculation claim is not moot. We agree.

A case becomes moot when "it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Decker v. Northwest Environmental Defense Center*, 568 U.S. 597, 609 (2013) (cleaned up). Here, Givens' complaint sought compensation for a pocketbook injury — the extra money that D.C.'s miscalculation forced her to pay nursing homes. And she has not received that compensation. So it is possible to grant her relief that she has not yet received.

D.C. notes that it made back-payments to Givens' nursing homes. And it argues that federal regulations require payments only to a healthcare provider, not an individual patient. But Givens sought damages under § 1983 to be measured by the amount of money she had wrongly been forced to pay out of pocket — not just corrected payments to the nursing homes. And even were D.C. correct that § 1983 does not allow payments directly to her, that is a merits question, not a jurisdictional question. *See Mendoza v. Perez*, 754 F.3d 1002, 1010 (D.C. Cir. 2014).

#### IV. The Calculation Claim Is Not Plausible

Even though Givens' calculation claim is not moot, it does not plausibly state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

As a municipality, D.C. is not liable under § 1983 for injuries "inflicted solely by its employees or agents." *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). Rather, D.C. is liable only if a city policy or practice causes an injury. *See id.* at 690-91. So to state a valid claim, Givens needed to plausibly allege that the government itself, as an institution, was "the moving force behind the violation" of her federal rights. *Frederick Douglass Foundation, Inc. v. District of Columbia*, 82 F.4th 1122, 1136 (D.C. Cir. 2023) (cleaned up).

That means Givens had to identify (1) an official policy explicitly adopted by D.C., (2) actions by a D.C. policymaker with final decision-making authority, (3) repeated behavior by D.C. municipal employees that have reached the level of a custom, or (4) a failure to act by D.C. that shows deliberate indifference to the potential for such violations. *See Baker v. District of Columbia*, 326 F.3d 1302, 1306 (D.C. Cir. 2003).

With that rule comes two related requirements. First, Givens needed to plead facts that plausibly support one of those four types of municipal policies. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). Second, Givens needed to plead "the elements of the relevant type of municipal policy." *See Blue v. District of Columbia*, 811 F.3d 14, 20 (D.C. Cir. 2015). That's because we are "unable to determine" whether a plaintiff has "provided plausible support for her claim" when she does not

plead those elements. *Id.* "Although the court could try to surmise which theory of municipal liability has the strongest support in the complaint, this is not our role." *Id.*

Givens' calculation claim fails because she "never indicated the contours of any type of municipal policy." *Id.* Instead, she makes conclusory assertions that D.C. has an unspecified number of unidentified policies, which caused it to miscalculate the copays of forty unnamed people. JA 16-17. Those allegations are not specific enough to survive a motion to dismiss. *See Blue*, 811 F.3d at 18-20.

## V. The District Court Abused Its Discretion When It Dismissed All Givens' Claims With Prejudice

Finally, we turn to whether Givens' claims should have been dismissed with prejudice or without prejudice.

A dismissal for mootness is a dismissal for lack of jurisdiction. *See Conservation Force, Inc. v. Jewell*, 733 F.3d 1200, 1204 (D.C. Cir. 2013). And as a general rule, claims dismissed without "an adjudication on the merits" should be dismissed "without prejudice," rather than with prejudice. *Havens v. Mabus*, 759 F.3d 91, 98 (D.C. Cir. 2014). So here, Givens' moot fair-hearing claims should have been dismissed without prejudice.[2]

That leaves Givens' non-moot calculation claim — for which Givens failed to plausibly state a claim. When dismissing a case for failure to state a claim, a district court should not dismiss the case with prejudice unless it has

---

[2] The district court's alternate reason for dismissing these moot claims — for failure to state a claim — does not alter our conclusion. If a claim is moot, then any merits determination is merely advisory.

determined that an amendment would be futile. *See Couch v. Verizon Communications Inc.*, 105 F.4th 425, 431 (D.C. Cir. June 21, 2024); *cf. Belizan v. Hershon*, 434 F.3d 579, 583 (D.C. Cir. 2006) ("dismissal *with prejudice* is warranted" only when the district court determines that "the allegation of other facts . . . could not possibly cure the deficiency") (cleaned up); *Okusami v. Psychiatric Institute of Washington, Inc.*, 959 F.2d 1062, 1066 (D.C. Cir. 1992) (dismissal for failure to state a claim "is a resolution on the merits and is ordinarily prejudicial").

In this case, there is a wrinkle to the question whether an amendment would be futile. Givens cannot amend the complaint because she is now deceased. And even though the Givens children filed an amended complaint, the district court did not consider it because the Givens children had not been substituted as full parties to the case. *See Givens v. Bowser*, 2023 WL 2645663, at *4 (D.D.C. Mar. 26, 2023). After they moved for substitution, that motion was granted "for the limited purpose of objecting to" the magistrate judge's recommendation. JA 7. And it is not clear whether the district court issued a final decision denying substitution for other purposes. Rather, it is possible that the substitution motion remained pending at the time the case was dismissed.

Given this muddled procedural posture, the district court should determine whether it already resolved the pending motion to substitute the Givens children as full parties, whether the motion should be granted, and whether it should have accepted the amended complaint.

To be sure, the district court suggested it already resolved some of these questions in its order denying reconsideration. *See Givens*, 2023 WL 2645663, at *4. But it did so under the "clear error" standard of Rule 59(e) of the Federal Rules of

Civil Procedure, and only after having concluded that it did not clearly err by dismissing the complaint with prejudice. *See id.* at *2-5. And as we have explained, we disagree with that initial decision — the jurisdiction-based dismissal should have been without prejudice. So any remaining questions about substituting parties and amending the complaint should not be considered under the clear error standards, but under normal legal principles and in the first instance.

With this in mind, "[w]e therefore vacate the order of dismissal and remand the [calculation claim] for the district court to enter a new order either dismissing without prejudice or explaining its dismissal with prejudice in a manner consistent with this opinion." *Belizan*, 434 F.3d at 584.

\*       \*       \*

We affirm the dismissal of Givens' fair-hearing claims as moot. We affirm the dismissal of her calculation claim for failure to properly state a claim.

We vacate the order dismissing this case with prejudice. We remand for the district court to dismiss the moot fair-hearing claims without prejudice and either to dismiss the calculation claim without prejudice or to explain its dismissal with prejudice.[3]

*So ordered.*

---

[3] During our deliberations, the Givens children filed a motion asking us to take judicial notice of records that they obtained from D.C., which they claim support their assertion that D.C. has a pattern of not providing hearings in a timely fashion. Without expressing an opinion on the merits of this motion or whether this court or the district court can take judicial notice of this kind of information, we leave it to the district court to assess in the first instance any effect of these additional records. We therefore deny the motion for judicial notice without prejudice to its renewal before the district court.