# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 23-7171

September Term, 2024

FILED ON: NOVEMBER 22, 2024

UNITED STATES OF AMERICA, EX REL. THOMAS BAILEY,
AND

THOMAS BAILEY,
> APPELLANT

v.

VETERANS MEDICAL TRANSCRIPTION SERVICES, INC., ET AL.,
> APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:20-cv-02312)

Before: MILLETT, KATSAS and WALKER, *Circuit Judges*

## J U D G M E N T

We considered this appeal on the record before the United States District Court for the District of Columbia and the briefs of the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. R. 34(j). We fully considered the issues and determined that a published opinion is unnecessary. *See* D.C. Cir. R. 36(d). It is

**ORDERED AND ADJUDGED** that the district court's dismissal with prejudice be **AFFIRMED**.

\* \* \*

Thomas Bailey brought a *qui tam* action under the False Claims Act against two medical transcription companies (Veterans Medical Transcription Services, Inc. and Stone Network, Inc.) and those companies' owners and officers (Steven Rose, Michael Dortch, David Bradford, and Sinnappan Mani). Bailey alleged that the Defendants fraudulently secured government contracts by misrepresenting Veterans Medical as a service-disabled veteran-owned small business, and that Veterans Medical is "affiliated" with Stone Network. Bailey brought three claims — two for underlying violations of the False Claims Act (Counts 1 and 2), and one for conspiracy (Count 3).

Counts 1 and 2 allege fraud and therefore must satisfy Rule 9(b)'s "particularity" requirement. Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). In layman's terms, Bailey must plead the who, what, when, and where of the alleged fraud. *United States ex rel. Shea v. Cellco Partnership*, 863 F.3d 923, 936 (D.C. Cir. 2017) ("Together, Rules 8 and 9(b) require a plaintiff to plead the time, place, and content of the fraud and to identify the individuals allegedly involved.").

Bailey failed to plead Counts 1 and 2 with sufficient particularity.

For starters, Bailey repeatedly refers to the "Defendants" collectively without indicating which actions each individual defendant took. He does not say who made which misrepresentations — or who submitted which fraudulent claims to the United States. By not pleading answers to these questions, the complaint "fails to identify with specificity who precisely was involved in the fraudulent activity." *See United States ex rel. Williams v. Martin-Baker Aircraft Co.*, 389 F.3d 1251, 1257 (D.C. Cir. 2004).

In addition, Bailey asserts that the alleged fraud occurred in "specifically identified contracts set forth in Exhibit 2." Appellant Br. at 18. But Exhibit 2 merely contains a 3,518-line table of contracts, fewer than 10% of which involve Veterans Medical at all. Even after removing the non-Veterans Medical contracts, Exhibit 2 still would not provide an accurate list of allegedly fraudulent contracts. This is evident, for example, because many of the Veterans Medical contracts in Exhibit 2 predate the alleged fraud in this case. All this leaves the Defendants no choice but to guess which contracts Bailey thinks are fraudulent — exactly what the particularity requirement seeks to prevent.

The conspiracy claim (Count 3) fares no better. To state a claim for conspiracy under the False Claims Act, Bailey must "establish an underlying FCA violation." *United States ex rel. Kasowitz Benson Torres LLP v. BASF Corp.*, 929 F.3d 721, 728 (D.C. Cir. 2019). For the reasons discussed above, Bailey has not adequately pleaded an underlying False Claims Act violation. So his conspiracy claim fails.

Finally, Bailey challenges the district court's dismissal of his complaint with prejudice. When "an amendment would be futile," a district court may dismiss a case with prejudice for failure to state a claim. *Givens v. Bowser*, 111 F.4th 117, 123 (D.C. Cir. 2024). Bailey never submitted a proposed amended complaint; nor did he tell the district court what facts he would add. The only additional facts Bailey supplied were in his opposition to the motions to dismiss — namely, that Veterans Medical assumed a $400,000 loan as part of the transaction to sell the company to Rose, Bradford, and Dortch, and that those three new owners agreed to make "$10,000 monthly payments going forward" to an unspecified recipient.

Bailey did not acknowledge that these facts were missing from his complaint, and he did not state that he wanted to add them. In any event, including these facts in an amended complaint would not cure the lack of particularity discussed above. Accordingly, an amendment would be futile.

2

For these reasons, we **AFFIRM** the district court.

\* \* \*

This disposition is unpublished. *See* D.C. Cir. R. 36(d). We direct the Clerk to withhold this mandate until seven days after the resolution of a timely petition for panel or *en banc* rehearing. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:     /s/
Daniel J. Reidy
Deputy Clerk

3